PAUL L. REIN, Esq. (SBN 43053)
CELIA McGUINNESS, Esq. (SBN 159420)
CATHERINE CABALO, Esq. (SBN 248198)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Drive, Suite A
Oakland, CA  94612
Telephone:   510/832-5001
Facsimile:    510/832-4787
reinlawoffice@aol.com

Attorneys for Plaintiff
KATHRYNE LYNNE CARLTON

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYNE LYNNE CARLTON,<br><br>    Plaintiff,<br><br>v.<br><br><br><br><br><br>CITY OF CUPERTINO; DOES 1 through 10, Inclusive,<br><br>    Defendants.<br>_____/ | CASE NO.<br>Civil Rights<br><br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF: DENIAL OF DISABLED ACCESS TO PUBLIC FACILITIES; TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990; REHABILITATION ACT OF 1973, § 504; CALIFORNIA GOVERNMENT CODE § 11135; CALIFORNIA GOVERNMENT CODE §§ 4450 *ET SEQ*.; CALIFORNIA CIVIL CODE §§ 54, 54.1 and 55; AND RELATED CODES AND REGULATIONS<br><br>DEMAND FOR JURY TRIAL |

Plaintiff KATHRYNE LYNNE CARLTON complains of defendants CITY OF CUPERTINO and DOES 1-10, inclusive, and each of them, and alleges as follows:

1. **INTRODUCTION:** This case involves the denial of accessible facilities, to plaintiff and other disabled persons in Cupertino, California.  Plaintiff KATHRYNE LYNNE CARLTON, is a "person with a disability" or "physically handicapped person," who requires the use of wheelchair for mobility, and is a "qualified" disabled person under all of California's disabled rights access statutes and regulations and under the statutes and regulations of the Americans with Disabilities Act of 1990.  Plaintiff is unable to use portions of public facilities which are not accessible to physically disabled

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -1-   S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

1  persons, including those who use a wheelchair.  Defendants have denied plaintiff her
2  rights to full and equal access under federal law and under state law, including Title II of
3  the Americans With Disabilities Act of 1990, § 504 of the Rehabilitation Act of 1973,
4  California Government Code § 11135, California Government Code §§ 4450 *et seq.*,
5  California Civil Code §§ 54 and 54.1, and California Code of Regulations, Title 24-2
6  (hereinafter "Title 24"), by failing to provide disabled access to their public facilities,
7  and to the "programs, services and activities" of the sidewalk system in Cupertino, and
8  by failing to provide persons with mobility impairments with the accessibility features
9  required under state law that mandate public accommodations be made "accessible to
10 and useable by" persons with disabilities.  On information and belief, defendant CITY
11 OF CUPERTINO has adopted a policy of slowly replacing sidewalks in Cupertino with
12 sidewalk "pavers" such as those depicted in Exhibit A to attached Government Claim
13 (photograph of sidewalk area in question).  These sidewalk "pavers" make the sidewalks
14 inaccessible and dangerous to persons with mobility impairments, especially those who
15 require use of a wheelchair for mobility, such as plaintiff.  Also, recently-constructed
16 curb cuts, traffic signals, and intersections do not comply with federal and state access
17 guidelines, making these curb cuts, traffic signals, and intersections inaccessible to and
18 dangerous to persons with mobility impairments.
19      2.      Plaintiff seeks injunctive relief to require defendants to make these
20 specified facilities accessible to disabled persons and to ensure that any disabled person
21 who attempts to use the sidewalk system in Cupertino will be provided compliant curb
22 cuts and a sidewalk surface that is not dangerous.  Plaintiff also seeks recovery of
23 damages for her discriminatory experiences, denial of access and denial of her civil
24 rights, which denials are continuing as a result of defendants' failure to provide disabled
25 accessible facilities.  Plaintiff also seeks recovery of reasonable attorney fees, litigation
26 expenses and costs, according to statute.  Prior to filing this action, plaintiff has put
27 defendants on notice of access barriers by filing a government claim about each of many
28 incidents in an effort at a pre-litigation settlement of her claims, but this government

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES         -2-         S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

1  claim and pre-litigation efforts by plaintiff to reasonably settle these issues were denied
2  and rejected by the CITY OF CUPERTINO.

3      3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28
4  USC § 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter
5  sometimes "ADA"), 42 U.S.C. §§ 12101 *et seq.* Pursuant to supplemental jurisdiction,
6  attendant and related causes of action arising from the same facts are also brought under
7  California law, including but not limited to violations of California Government Code
8  §§ 4450 *et seq.*, and Government Code § 11135; Health & Safety Code §§ 19955 *et seq.*,
9  including § 19959; Civil Code §§ 54, 54.1, and 54.3; and California Code of
10 Regulations, Title 24-2.

11     4. This Court has subject matter jurisdiction of this action pursuant to 28 USC
12 § 1343(3) for claims arising under § 504 of the Rehabilitation Act of 1973. Additionally,
13 this Court has jurisdiction over the public accommodations named in this action pursuant
14 to 28 USC § 1331 for violations of the ADA, 42 USC §§ 12101 *et seq.*, now also known
15 as "ADA §§ 12131" *et seq.*

16     5. **VENUE:** Venue is proper in this Court pursuant to 28 USC § 1391(b) and
17 is founded on the fact that the real property which is the subject of this action is located
18 in this district and that plaintiff's causes of action arose in this district.

19     6. **INTRADISTRICT:** This case should be assigned to the San Jose
20 intradistrict as the real property which is the subject of this action is located in this
21 intradistrict and plaintiff's causes of action arose in this intradistrict.

22     7. **PARTIES:** Plaintiff KATHRYNE LYNNE CARLTON, who requires use
23 of a wheelchair for locomotion due to physical disabilities, is and at all times relevant to
24 this Complaint was a qualified "physically disabled person" and a "person with
25 disabilities," as these terms are used under California law and under federal laws,
26 including but not limited to § 504 of the Rehabilitation Act of 1973 and Title II of the
27 Americans with Disabilities Act of 1990. These terms, a "physically disabled person"
28 and a "person with disabilities," will be used interchangeably throughout this Complaint.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES      -3-      S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

Plaintiff's disabilities, including paraplegia, require her to use a wheelchair for mobility. Despite her disabilities, plaintiff achieves mobility through use of a manual wheelchair.

8. Defendants CITY OF CUPERTINO, and DOES 1-10, Inclusive (hereinafter sometimes "defendants"), are and were the owners, operators, lessors and/or lessees of the subject premises, facilities and property at all times relevant to this Complaint. Does 6-10 are, on information and belief, adjoining land owners who may have legal obligations to maintain public sidewalks adjacent to their properties. Defendants are responsible for owning, operating, and maintaining the subject premises, facilities and property, including the streets, curbs, sidewalks, walkways and paths of travel in, to, and throughout the City of Cupertino, each of which constitutes a public facility and a public accommodation. Each of the subject areas, premises, and facilities complained of herein is owned and/or leased and/or operated by defendants and is a "public facility" and "public accommodation" subject to the requirements of Title II of the Americans With Disabilities Act of 1990, and of California Government Code §§ 4450 *et seq.*, and of California Civil Code §§ 51, 52, 54, and 54.1 *et seq*. On information and belief, such facilities have, since November 13, 1968, undergone construction and/or "alterations, structural repairs, or additions" subjecting each such facility to disabled access requirements per Government Code §§ 4450 *et seq*. Such construction and alterations since July 1, 1982 also subject each such public facility, including paths of travel, to requirements of California's Title 24, the State Building Code. Construction, alterations and additions between 1968 and 1982 were also subject to the "A.S.A." regulations incorporated into Government Code §§ 4450 *et seq*.

9. Defendants CITY OF CUPERTINO, and DOES 1-10 Inclusive, are and were the owners, operators, lessors and/or lessees of the subject premises, facilities and property at all times relevant to this Complaint. Plaintiff is informed and believes that each of the defendants herein is the agent, employee or representative of each of the other defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity, and as part of a joint venture and

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

common enterprise, and is responsible in some manner for the acts and omissions of the other defendants in proximately causing the damages complained of herein.

10. Defendant CITY OF CUPERTINO and DOES 1-5 are were public entities subject to Title II of the Americans with Disabilities Act of 1990, the requirements of the Rehabilitation Act of 1973, the requirements of California state law requiring full and equal access to public facilities pursuant to Government Code §§ 11135 and 4450 *et seq.*, and to all other legal requirements referred to in this Complaint. On information and belief, DOES 6-10 were subject to these same statutes, and to Health & Safety Code §§ 19955 *et seq.*, and Title III of the Americans with Disabilities Act of 1990.

11. **GOVERNMENT CLAIM FILED** - On or about November 5, 2013, plaintiff made a timely public entity claim to the CITY OF CUPERTINO ("Claim Form," Attachment A, two photos, all attached as **Exhibit 1** to this Complaint). The claim was for the incident of May 7, 2013 and continuing on a daily basis. Attachment A also references specific incidents and injuries suffered on or about May 7, 2013, May 15, 2013, June 13, 2013, June 17, 2013, June 19, 2013, and on a daily basis, as to injuries and/or deterrence, on all days since May 7, 2013. The claim was specifically denied by the January 21, 2014 letter from the Office of the City Attorney the CITY OF CUPERTINO.

**FACTUAL BASES FOR COMPLAINT**

12. Claimant Kathryne Lynne Carlton ("Plaintiff") is a disabled woman who requires a wheelchair for locomotion. Plaintiff resides in an apartment complex located at the end of Bianchi Way, south of Stevens Creek Blvd. in Cupertino, California, that is almost entirely occupied by people with mobility disabilities like herself. Plaintiff, along with other residents of this apartment complex, often make use of the many stores near the apartment complex, including but not limited to a Whole Foods Market, Target, and Peet's Coffee and Tea. Plaintiff and other residents of the apartment complex also utilize public transportation options, many of which are located along Stevens Creek Blvd. The

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -5- S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

only way to access these businesses and public transportation options is to utilize the sidewalk system and street intersections. As noted above, the sidewalk system in this area has been slowly replaced with "pavers" such as those depicted in Exhibit A to the "Claim Form" **Exhibit 1**. The width of the spaces between many of these "pavers" in many cases are well over the one-half inch allowed by California and federal regulations. A wheelchair user traversing the sidewalks in this area where "pavers" are installed is subjected to constant jarring and shaking of her/his wheelchair and body, and abrupt changes in elevation, making it difficult or impossible for mobility-disabled persons in wheelchairs to use the sidewalk. The "pavers" may cause wheelchair users to lose control of their wheelchairs, be thrown from their wheelchairs, or may cause wheelchair users to lose control of their bladder and/or bowels because of the constant jarring and shaking. The pavers also damage the wheels of the wheelchairs of plaintiff and other disabled persons.

In addition to the mobility issues presented by the sidewalk "pavers," the sidewalks in this area are also in extreme disrepair, where vertical changes in elevation caused by cracks and holes in the sidewalk are well over ½". Finally, curb cuts, pedestrian traffic signals, and the general layout of intersections in this area are improperly configured and fail to comply with various Code regulations, impeding access in these areas for mobility disabled persons.

To avoid the pavers, Plaintiff is forced to travel in the bike lane of Stevens Creek Blvd. when traveling in her wheelchair in order to access stores and businesses in the area and to access stops that are serviced by public transportation. As a result, Plaintiff is often subjected to dangerous traffic conditions of motorists and cyclists driving/riding down Stevens Creek Blvd. Plaintiff has specifically experienced the following difficulties, among others, with the sidewalks, curb cuts, pedestrian traffic signals, and intersections within a 4 to 5 block radius of her apartment complex:

- On or about May 7, 2013, on the southeast corner of Bianchi Way and Stevens Creek Blvd, Plaintiff hit uneven pavement on the sidewalk while in her

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -6-   S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

wheelchair and nicked the right front tire (see Exhibit B to **Exhibit 1** - photograph of damaged tire). She was jarred and shaken, and almost thrown from her wheelchair.

- On or about May 15, 2013, Plaintiff was exiting the parking lot of the Union Church of Cupertino (20900 Stevens Creek Blvd.) near her apartment in her wheelchair. Plaintiff often uses the Union Church parking lot to avoid the sidewalk pavers in that area. On this day, Plaintiff encountered uneven payment where the driveway of Union Church meets the sidewalk. Plaintiff made a wide right turn, hit uneven payment, was thrown her from the chair, sprained her thumb, and nicked her right front tire. In addition to spraining her thumb, she suffered bruises from being thrown from her chair.

- On or about June 13, 2013, Plaintiff was traveling in her wheelchair from her apartment to Stevens Creek Blvd. She traveled through the Union Church of Cupertino parking lot and inadvertently turned right directly onto the pavers of the sidewalk instead of into the bike lane as she usually does. She was almost thrown from chair but caught herself.

- On or about June 17, 2013 and June 19, 2013, Plaintiff was injured on Bianchi Way. The wood framing that is between the asphalt and the sidewalk on east side of Bianchi Way is rotting. Plaintiff got stuck while traveling in this area and was thrown from her chair, both times suffering scrapes and bruises.

- Plaintiff encounters difficulty, discomfort, and embarrassment in order to access intersections in the area, which she utilizes every day. She is constantly forced to ask for assistance from other pedestrians to trigger the "crossing signal." If there are no other pedestrians, she may not be able to trigger the "crossing signal" at all.

- Plaintiff encounters difficulty, discomfort, and embarrassment in order to access curb cuts in the area, which she utilizes every day. Most of the curb cuts are improperly configured, putting her in harm's way with approaching traffic and making it difficult to maneuver around other pedestrians, motorists, and cyclists.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -7-    S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

- As a result of the constant stress on her wheelchair caused by the sidewalk pavers and the improperly configured intersections, curb cuts, and pedestrian traffic signals, Plaintiff's wheelchair tires rapidly deteriorate and must be replaced more often than usual from typical wear and tear.

13. These experiences not only threatened Plaintiff and denied her civil rights to full and equal access, but they caused her to encounter the described barriers to access, causing her actual physical injuries on multiple occasions and, on each occasion, fear of serious physical injury, and difficulty, discomfort and embarrassment, all to her physical, mental and emotional damages. The CITY OF CUPERTINO's inaction and failure to provide properly configured sidewalks, were, on information and belief, intentional or in conscious disregard for, and deliberate indifference to the rights and safety of disabled persons, including plaintiff.

14. This lawsuit is filed with regard to Plaintiff's experiences on May 7, 2013, May 15, 2013, June 13, 2013, June 17, 2013, June 19, 2013, and every other day that she was deterred from attempting to use this area as frequently as she would otherwise have done.

15. On information and belief, Plaintiff encountered these and other barriers to full and equal access to the public sidewalks, curbs, walkways and paths of travel in the City of Cupertino, according to proof, each of which caused Plaintiff damages, including difficulty, discomfort and embarrassment.

16. As a result of the lack of access Plaintiff has been denied her right to full and equal access, and has been deterred from using the sidewalk system and intersections on other occasions by the lack of access, and, on information and belief, has suffered physical, mental, emotional and statutory damages on each such occasion, according to proof. On information and belief, Plaintiff will also continue to be deterred from attempting to use these facilities, or will use these facilities less frequently because of such deterrence, until the barriers to access are removed and full and equal access is provided.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -8- S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

1  17. Defendants have denied plaintiff her rights to full and equal access to the public facility offered by defendants to the general public as required under federal and state law, including California Government Code §§ 4450 *et seq.*, Title II of the Americans With Disabilities Act of 1990, § 504 of the Rehabilitation Act of 1973, and Civil Code §§ 54 and 54.1, on or about the above-specified dates, and on every occasion when plaintiff has used or attempted to use defendants' facilities, or has been deterred from attempting such use, and continuing until the present, unless otherwise specified herein, and such damages and/or deterrence will continue until defendants remove the illegal barriers to access as designated.

18. As a result of defendants' failure to carry out their legal obligations under federal and state civil rights laws, plaintiff was discriminated against on the basis of her disability and suffered physical, mental and emotional injuries, all to her damages. Damages are for violation of civil rights to a physically disabled person, for denial of full and equal access to public facilities, for physical, mental and emotional injuries, and for statutory damages, as well as statutory attorney fees, litigation expenses and costs. On information and belief defendants have also continued to deny accessible sidewalks, walkways and curb cuts despite knowledge of their legal obligations pursuant to *Barden v. City of Sacramento*, 292 F.3d 1073 (9th Cir. 2002), and other relevant court decisions holding that such facilities, specifically including walkways and curb cuts, are public programs, services and activities requiring access pursuant to ADA Title II.

19. On information and belief, as of the filing of this Complaint, defendants have failed and refused compliance with requirements of federal and California law so that plaintiff has determined that this lawsuit is necessary in order to protect the public interest and the rights of disabled persons, and to obtain compensation to plaintiff for her experiences according to the statutes involved.

//
//
//

**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -9-   S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

**FIRST CAUSE OF ACTION:**
**DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990**

20.     Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 19 of this Complaint and incorporates them herein.

21.     Effective January 26, 1992, plaintiff is entitled to the protections of the "Public Services" provision of Title II of the Americans with Disabilities Act of 1990. Title II, Subpart A prohibits discrimination by any "public entity," including any state or local government, as defined by 42 USC § 12131, § 201 of the ADA.

22.     Pursuant to 42 USC § 12132, Section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs or activities of a public entity, or be subjected to discrimination by any such entity.  Plaintiff was at all times relevant herein a qualified individual with a disability as therein defined.

23.     The defendant governmental entity has failed in its responsibilities under Title II to provide its services, programs and activities in a full and equal manner to disabled persons as described hereinabove, including failing to ensure that the public paths of travel, curbs, and other public facilities, as described herein, are accessible to disabled persons, and failing to remove known architectural barriers at the subject facilities so as to be accessible to disabled persons, including plaintiff, and/or to modify its programs, services and activities to make them accessible to disabled persons, including plaintiff.  As a proximate result of defendants' actions and omissions, defendants have knowingly and intentionally discriminated against plaintiff, and/or acted in conscious disregard for the rights and safety of plaintiff, in violation of Title II of the Americans With Disabilities Act of 1990, and of the regulations adopted to implement the ADA.

24.     As a result of such discrimination, in violation of § 12132 of the ADA, plaintiff is entitled to the remedies, procedures and rights set forth in § 505 of the

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Rehabilitation Act of 1973 (29 USC § 794a). Plaintiff also seeks injunctive relief to require defendant to remove the physical and policy barriers to access complained of, to provide accessible services, and to provide all remedies, including damages, statutory attorney fees, litigation expenses and costs, including those remedies specified by §§ 12133 and 12205 of the Americans With Disabilities Act of 1990, California Civil Code §§ 54, 54.1, and 54.3, and by California Code of Civil Procedure § 1021.5, according to proof.

25. **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of defendants as complained of herein which have the effect of wrongfully discriminating against plaintiff and other members of the public who are physically disabled, including wheelchair users and other mobility disabled persons, from full and equal access to these public facilities. Such acts and omissions were the cause of humiliation and physical, mental, and emotional suffering of plaintiff in that these actions treated plaintiff as an inferior and second class citizen and served to discriminate against her on the sole basis that she was and is a person with disabilities and requires the use of a wheelchair or other assistive mobility device for movement. Plaintiff is currently deterred from using the subject facilities, although she reserves the right to attempt to visit and use the public facilities despite the impediments to access, and will be unable to achieve equal access to services and facilities on this stretch of public sidewalk so long as such acts and omissions of defendants continue. The acts of defendants have proximately caused irreparable injury to plaintiff and will continue to cause irreparable injury to plaintiff and to other mobility disabled persons if not enjoined by this Court.

26. On information and belief, to the date of filing of this Complaint, the specified public facilities continue to be inaccessible for use by physically disabled persons such as plaintiff in multiple respects, despite plaintiff putting defendants on specific notice by a detailed government claim previously served on the City of Cupertino. Plaintiff requests that an injunction be ordered requiring that defendants take

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES   -11-   S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

prompt action to modify the aforementioned policies and public facilities to render them accessible to and usable by plaintiff, and thereby make its governmental services available to and usable by physically disabled persons.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

## SECOND CAUSE OF ACTION:
## VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973

27. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in Paragraphs 1 through 26 of this Complaint and incorporates them herein.

28. The public entity defendants, including the CITY OF CUPERTINO, are each a governmental entity existing under the laws of the State of California with responsibility for, *inter alia*, the described public facilities, including but not limited to public paths of travel, curbs, walkways, and other facilities, which defendants know are regularly used by physically disabled persons, including those who use wheelchairs. Plaintiff is informed and believes and therefore alleges that defendants are and have been at all relevant times the recipient of federal financial assistance, and that part of that financial assistance has been used to fund the operations, construction and/or maintenance of the specific public facilities described herein and the activities that take place therein.

29. By their actions and inactions in denying disabled accessible facilities at the public facilities specified herein, defendants have violated plaintiff's rights under § 504 of the Rehabilitation Act of 1973, 29 USC § 794, and the regulations promulgated thereunder.

30. By their actions and inactions in denying to plaintiff KATHRYNE LYNNE CARLTON, a disabled person, her rights to have "full and equal" access to the same programs, activities, services, and environment as non-disabled persons, and by otherwise discriminating against plaintiff solely by reason of her physical disability,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -12- S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

1  defendants have violated plaintiff's rights under § 504 of the Rehabilitation Act of 1973

2  and the regulations promulgated thereunder. Plaintiff seeks damages for denial of her

3  civil rights, for interference with her right to accessible public accommodations and

4  services, and for resulting physical, mental and emotional injury, all to her damages

5  according to proof. Further, plaintiff seeks injunctive relief, requesting that the Court

6  order defendants to correct the policy and access deficiencies complained of herein so

7  that she and other disabled persons will not face discrimination in the future in accessing

8  the public accommodations in the subject public facilities on the same basis as

9  non-disabled persons, and seeks recovery of all relevant damages, statutory attorney fees,

10 litigation expenses and costs.

11     31.    Plaintiff has no adequate remedy at law and, unless the relief requested

12 herein is granted, plaintiff and other disabled persons will continue to suffer irreparable

13 injury by the deprivation of meaningful access and accommodation at the subject public

14 facilities operated by defendants.

15     Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

16

17 **THIRD CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA LAW INCLUDING: CALIFORNIA CIVIL**
18 **CODE §§ 54, 54.1 AND 55, GOVERNMENT CODE §§ 4450 *et seq*., AND THE**
**AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY**
19 **CALIFORNIA CIVIL CODE SECTIONS 54(c) AND 54.1(d)**

20     32.    Plaintiff repleads and incorporates by reference, as if fully set forth

21 hereafter, the factual allegations contained in Paragraphs 1 through 31 of this Complaint

22 and incorporates them herein.

23     33.    At all times relevant to this Complaint, California Civil Code § 54.1 has

24 provided that physically disabled persons are not to be discriminated against because of

25 physical handicap or disability in the use of a public accommodation:

26     . . . [P]hysically disabled persons shall be entitled to full and equal access,
as other members of the general public, to accommodations, advantages,
27     facilities and privileges of all common carriers, airplanes, motor vehicles.. .
. or any other public conveyances or modes of transportation, telephone
28     facilities, hotels, lodging places, places of public accommodation, and

LAW OFFICES OF
**PAUL L. REIN**
**200** LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -13-    S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

> amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

Further, Civil Code § 54(a) has at all times stated:

> (a) Individuals with disabilities have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places.

The discrimination by defendants against plaintiff on the basis of her disability constitutes a violation of the anti-discrimination provisions of Civil Code §§ 54 and 54.1.

34. Plaintiff is informed and believes and therefore alleges that the specified public facilities owned and maintained by defendants are structures or related facilities within the meaning of California Government Code §§ 4450 and 4451. Plaintiff is further informed and believes and therefore alleges that the defendants have constructed, altered, or repaired all or parts of the subject public property and facilities since 1968 within the meaning of Government Code §§ 4450 *et seq.*, including § 4456, thereby requiring provision of access to persons with disabilities, as required by law. Defendants have also violated California Civil Code §§ 54 and 54.1 by their policies, as above described. The actions and omissions of defendants as herein alleged constitute a denial of access to and use of the described public facilities by physically disabled persons within the meaning of Government Code §§ 4450 *et seq*. As a proximate result of defendants' action and omissions, defendants have discriminated against plaintiff in violation of Government Code §§ 4450 *et seq.*, and of Title 24-2 regulations adopted to implement § 4450. A violation of §§ 4450 *et seq.* constitutes a violation of California Civil Code §§ 54 and 54.1. Further, Civil Code § 55 allows an action for injunctive relief for any person who is aggrieved or is potentially aggrieved by a violation of Civil Code §§ 54 or 54.1, or of Government Code §§ 4450 *et seq*.

35. Any violation of the Americans With Disabilities Act of 1990 (as pled in the First Cause of Action) also constitutes a violation of California Civil Code §§ 54 (c) and 54.1(d), thus independently justifying an award of damages and injunctive relief

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -14-    S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

1  pursuant to California law, including but not limited to Civil Code § 54.3. Plaintiff
2  alleges that she has been denied such full and equal access as required by California law
3  which incorporates Title II of the ADA, including but not limited to §§ 12131 to 12134.

4  36. Plaintiff has no adequate remedy at law and, unless the relief requested
5  herein is granted, plaintiff and other disabled persons will continue to suffer irreparable
6  harm as a result of defendants' failure to fulfill its obligations to provide meaningful
7  access to the subject public facilities.

8  37. Wherefore plaintiff asks this Court to preliminarily and permanently enjoin
9  any continuing refusal by defendants, including the CITY OF CUPERTINO and DOES
10 1-10, to grant full and equal access to plaintiff in the respects complained of and to
11 require defendant to comply forthwith with the applicable statutory requirements relating
12 to access for disabled persons. Such injunctive relief is provided by California Civil
13 Code § 55 for a violation of California Government Code §§ 4450 *et seq.*, and for
14 causing a denial of rights by disabled persons, protected by California Civil Code § 54 *et*
15 *seq.* Civil Code § 54.3 provides that any person or corporation who denies or interferes
16 with admittance to or enjoyment of the public facilities as specified in §§ 54 and 54.1 or
17 otherwise interferes with the rights of an individual with a disability is liable for each
18 offense for the actual damage and any amount as may be determined by a court or jury up
19 to a maximum of three times the amount of actual damage but in no case less than $1,000
20 and such attorney fees that may be determined by the Court in addition thereto. Plaintiff
21 alleges that defendants failed to provide legally required access at the above-described
22 locations, and requests that the Court award damages pursuant to Civil Code § 54.3, and
23 attorney fees, litigation expenses and costs pursuant to Government Code §§ 4450 *et*
24 *seq.*, Civil Code §§ 54.3 and 55, Code of Civil Procedure § 1021.5 and other law, all as
25 hereinafter prayed for.

26 38. **DAMAGES:** As a result of the denial of equal access to these facilities
27 and due to the acts and omissions of defendants in owning, operating, constructing,
28 altering and/or maintaining the subject facilities, and by their discriminatory policies,

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -15- S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

plaintiff suffered multiple violations of her civil rights, including but not limited to rights under California Civil Code §§ 54 and 54.1, all to her damages per Civil Code § 54.3, including all general and statutory damages, as herein stated. Defendants' actions and omissions to act constitute discrimination against plaintiff on the sole basis that she was and is physically disabled and unable, because of the architectural barriers created and/or maintained by defendants in violation of the subject laws, and because of defendants' policies, to use these public facilities on a full and equal basis as other persons.

39. **FEES AND COSTS:** As a result of defendants' acts, omissions and conduct, plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute in order to enforce plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs pursuant to the provisions of California Civil Code §§ 54.3 and 55, and California Government Code §§ 4450 *et seq*. Additionally, plaintiff's lawsuit is intended to require that defendants make their facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5 and other applicable law.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

**FOURTH CAUSE OF ACTION:**
**VIOLATION OF CALIFORNIA GOVERNMENT CODE § 11135,**
**DISCRIMINATION UNDER PROGRAM RECEIVING**
**FINANCIAL ASSISTANCE FROM THE STATE**

40. Plaintiff repleads and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs 1 through 39 of this Complaint.

41. On information and belief, the administration, supervision and maintenance by defendants CITY OF CUPERTINO and Does 1 through 10, of the properties and facilities that are the subject of the action are funded in part by the State of California.

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES -16- S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

42. Defendants, including the CITY OF CUPERTINO and Does 1-10, have failed to make their programs, services and activities readily accessible to and useable by disabled persons in violation of California Government Code §§ 11135 *et seq.* Government Code § 11135 states:

> § 11135. Programs or activities funded by state; discrimination on basis of ethnic group identification, religion, age, sex, color, or disability; federal act; definition.
>
> No person in the State of California shall, on the basis of ethnic group identification, religion, age, sex, color, or disability, be unlawfully denied the benefits of, or be unlawfully subjected to discrimination under, any program or activity that is funded directly by the state or receives any financial assistance from the state. With respect to discrimination on the basis of disability, programs and activities subject to subdivision (a) shall meet the protections and prohibitions contained in Section 202 of the Americans With Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof, except that if the laws of this state prescribe stronger protections and prohibitions, the programs and activities subject to subdivision (a) shall be subject to the stronger protections and prohibitions.

43. Plaintiff has no adequate remedy at law and, unless the requested relief is granted, plaintiff and other disabled persons will suffer irreparable harm in that they will continue to be discriminated against and denied access to and accommodation within the subject facilities, and denied the benefits of the "programs, services and activities" offered to the general public. Further, plaintiff suffered damages, as specified, as the result of denial of her civil rights when she tried to use these facilities, according to proof. Because plaintiff seeks improvement of access for similarly situated physically disabled persons, which will benefit a significant portion of the public, plaintiff also seeks attorney fees, litigation expenses and costs pursuant to California Code of Civil Procedure § 1021.5, as to this cause of action and as to all causes of action in this Complaint that seek injunctive relief.

Wherefore, plaintiff prays the Court grant relief as requested hereinbelow.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court:

LAW OFFICES OF
**PAUL L. REIN**
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    -17-    S:\CASES\CUPERTINO\PLEADINGS\CUPERTINO.CMP.wpd

1. Issue a preliminary and permanent injunction directing defendants, including the CITY OF CUPERTINO, and DOES 1-10, to modify the subject public facilities and its policies and practices, so that they provide full and equal access to physically disabled persons; and to properly maintain such accessible facilities once they are provided;

2. Retain jurisdiction over defendants, including the CITY OF CUPERTINO, until such time as the Court is satisfied that defendants' unlawful policies, practices, acts and omissions complained of herein no longer exist, and will not recur;

3. Grant a jury trial and award to plaintiff all appropriate damages in an amount to be proved at trial, including compensatory, general, and statutory damages;

4. Award to plaintiff all costs of this proceeding and award all statutory remedies including statutory attorney fees, litigation expenses and costs, as provided by law;

5. Award prejudgment interest pursuant to California Civil Code § 3291; and

6. Grant such other and further relief as this Court may deem just and proper.

Dated: July 14, 2014                    LAW OFFICES OF PAUL L. REIN

                                        ____/s/ Paul L. Rein_____
                                        By PAUL L. REIN
                                        Attorneys for Plaintiff
                                        KATHRYNE LYNNE CARLTON


**DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: July 14, 2014                    LAW OFFICES OF PAUL L. REIN

                                        ____/s/ Paul L. Rein_____
                                        By PAUL L. REIN
                                        Attorneys for Plaintiff
                                        KATHRYNE LYNNE CARLTON